NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee,*

*v.*

ROGER DUANE BAKER, *Appellant.*

No. 1 CA-CR 15-0275
FILED 6-16-2016

———————————————

Appeal from the Superior Court in Maricopa County
No. CR2013-002677-001
The Honorable Peter C. Reinstein, Judge

**AFFIRMED AS MODIFIED**

———————————————

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Office of Brian F. Russo, Phoenix
By Brian F. Russo
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

_____

**C A T T A N I**, Judge:

¶1        Roger Duane Baker appeals his convictions and sentences for four counts of sexual conduct with a minor.  For reasons that follow, we affirm Baker's convictions and sentences, but we modify the superior court's sentencing minute entry to remove a dangerous crime against children designation as to one of the convictions.

## FACTS AND PROCEDURAL BACKGROUND

¶2        A grand jury indicted Baker on six counts of sexual conduct with a minor.  Five counts alleged conduct when the victim was under the age of 15: two that occurred in May 2000, one between June 2005 and June 2006, and two on the same occasion between June 2008 and June 2009.  One count alleged sexual conduct with the victim on or about April 15, 2011, when she was 15 years old or older.  Baker waived his right to a jury trial.

¶3        The victim testified at trial that Baker sexually abused her on a regular basis.  She remembered bleeding on one occasion after Baker had sexual intercourse with her, and that Baker lied to her mother about the bleeding, telling her mother it had resulted from the victim falling in the bathroom and hitting the side of the bathtub.  The victim testified that on another occasion, Baker had sexual contact with her after he tied her to a chair.  She also testified that Baker put his mouth on her vagina, but she did not remember when that occurred.  Finally, she testified that the last time Baker had engaged in sexual conduct with her was in 2011, when she was 15 years old.

¶4        A detective testified that the victim had said during an interview that she thought the bathtub incident occurred when she was 10 years old, and that the chair incident also included oral sexual conduct and had occurred when she was 14 or 15 years old.  A sexual-assault nurse testified that the victim stated that Baker had threatened to kill her if she told anyone about the sexual conduct.

**¶5** Baker denied all of the allegations, and he produced a chronology and store receipts showing errands he completed on April 15, 2011, the date the last sexual conduct was alleged to have taken place.

**¶6** The court acquitted Baker of the two counts from May 2000, but convicted him of the other four sexual conduct charges. The court sentenced Baker to consecutive terms in prison totaling 80 years.[1] Baker timely appealed.

## DISCUSSION

### I. Confrontation and Evidentiary Claims.

**¶7** Baker argues that he was denied his right to confront and cross-examine the victim because the victim did not recall specific details of the assaults. He further asserts that the court abused its discretion by allowing the prosecutor to ask the victim whether she remembered telling a detective the details she no longer remembered, and then asking the detective what the victim had said. We generally review evidentiary rulings for an abuse of discretion, but we review de novo rulings that implicate a defendant's confrontation rights. *State v. Ellison*, 213 Ariz. 116, 129, ¶ 42 (2006).

**¶8** While testifying, the victim recalled talking to a detective in 2011, but did not remember telling the detective her age at the time of the bathtub incident or the chair incident, and she did not remember when Baker put his mouth on her vagina. The victim did not provide details of the final incident, and said in general she did not want to think back on any of the incidents. The victim also testified, however, that her memory would have been better in 2011 than at trial. When asked if she had ever made false reports of sexual abuse, she said, "I take stuff like that seriously," and testified that she would only lie if there were "people threatening to kill me and stuff like that."

**¶9** After the court overruled Baker's confrontation and hearsay objections, the detective testified that the victim had said the bathtub incident occurred when she was ten years old, and that the chair incident

---

[1] The sentence imposed for Count 6 is consistent with a finding that the crime was not a dangerous crime against children. But the court's sentencing minute entry incorrectly designates the offense as a dangerous crime against children. Accordingly, we exercise our authority under A.R.S. § 13-4037(A) to correct the sentencing minute entry to remove the dangerous crime against children designation as to Count 6.

occurred when she was 14 or 15 years old.  The detective also related the victim's description of the 2011 sexual conduct.

**¶10**        Baker was not denied his rights under the Confrontation Clause of the United States Constitution.  Such rights are only implicated if the court permits testimonial hearsay from a witness who does not appear at trial.  *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) (noting that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."); *see also State v. King*, 180 Ariz. 268, 276 (1994) (holding that the defendant's confrontation rights were not violated when a declarant "testified at trial and was subjected to unrestricted cross-examination," even though the declarant no longer remembered certain details of the crime).  Here, the victim appeared and testified at trial.  Although she could not remember the dates and some specific details of the incidents, she testified that Baker engaged in inappropriate sexual acts with her, and she responded to defense counsel's questions on cross-examination.  Thus, there was no Confrontation Clause violation.

**¶11**        The victim's statements to the detective in 2011 were properly admitted under the hearsay exception for a recorded recollection.  *See* Ariz. R. Evid. 803(5).  A recorded recollection is admissible as an exception to the hearsay rule if it is "on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately," "was made or adopted by the witness when the matter was fresh in the witness's memory," and "accurately reflects the witness's knowledge."  *Id.*  Here, those conditions were satisfied.  Additionally, the victim's interview with the detective was videotaped, and defense counsel acknowledged that he had viewed the videotape.  Although the record does not reflect whether the videotape was played at trial, Baker does not challenge the accuracy of the detective's testimony regarding what the victim said during the interview, or the method used to elicit the detective's testimony regarding the victim's interview statements.  Thus, the victim's statements to the detective were properly admitted.

**¶12**        Baker further argues that there was insufficient foundation to admit the prior statements because the victim did not recall the statements and "was unable to attest to the veracity of her statements in the interview and much of the interview itself."  But the victim testified that she remembered talking to the detective in 2011, and remembered telling the detective about the three incidents at issue: the bathtub incident, the chair incident, and the final sexual acts.

¶13 The victim's trial testimony was consistent with what the detective testified the victim had said in 2011, and the victim testified that she would not lie about sexual-assault allegations. She further stated that when she talked to the detective, her memory was better than it was at trial. Accordingly, the court did not abuse its discretion by concluding that there was adequate foundation to allow the detective to testify regarding details the victim had previously related but could not remember at trial. *See United States v. Porter*, 986 F.2d 1014, 1017 (6th Cir. 1993) (noting that admissibility is "determined on a case-by-case basis upon a consideration . . . of factors indicating trustworthiness, or the lack thereof").

¶14 Moreover, a sexual-assault nurse examiner—whose testimony Baker does not challenge on appeal—later testified that the victim had also given her similar details regarding the sexual assaults. The court relied in part on the nurse examiner's testimony to reach its verdict. Under these circumstances, any error in admitting the detective's testimony in evidence was harmless. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005) (noting that to demonstrate that an objected-to error was harmless, the state must prove beyond a reasonable doubt that the error in admitting the evidence "did not contribute to or affect the verdict or sentence").

## II. Specificity of the Indictment.

¶15 Baker argues that the time frames alleged in three of the counts were not specific enough to provide him notice of the "nature and cause of the charges against him," which hindered his ability to formulate "a meaningful defense." One of the challenged counts alleged that the sexual conduct occurred "on or between the 6th day of June, 2005 and the 5th day of June, 2006." The other two alleged that the underlying conduct occurred "on or between the 1st day of June, 2008 and the 1st day of June, 2009."

¶16 Because Baker did not challenge the indictment on this ground before trial, he is precluded from making this claim on appeal. Arizona Rule of Criminal Procedure 13.5(e) provides that "[n]o issue concerning a defect in the charging document shall be raised other than by a motion filed in accordance with Rule 16." Rule 16.1(b) requires that any such motion be filed 20 days before trial, and Rule 16.1(c) in turn provides that any motion not timely filed is "precluded." Although Baker filed a motion seeking dismissal or remand on the ground the State presented false and misleading evidence to the grand jury and failed to present clearly exculpatory evidence, he did not file any motion before or during trial challenging the specificity of the indictment. His failure to challenge the specificity of the indictment before trial waived any specificity objection he

might make on appeal.  *See* Ariz. R. Crim. P. 16.1(c); *State v. Anderson*, 210 Ariz. 327, 335–36, ¶¶ 16–17 (2005) (holding that a failure to object to alleged defects in an indictment before trial waived any objection after trial).

## CONCLUSION

**¶17**           Based on the foregoing, we affirm Baker's convictions and sentences, but we modify the superior court's sentencing minute entry to reflect that the conviction on Count 6 was not a dangerous crime against children.



Ruth A. Willingham · Clerk of the Court
FILED: AA